MARSHALL v. REED.

HUSBAND AND WIFE—ANTENUPTIAL CONTRACT BARS WIDOW'S CLAIM TO INTEREST IN LAND CONTRACTS.

> Where an antenuptial agreement provided that if the wife outlived the husband she should be paid $10,000 and have the homestead and household goods in full settlement of any and all rights, dower interest, or otherwise, in her husband's estate, except as to property accumulated during the marriage, the fact that she joined with him in executing contracts on land other than the homestead, owned by him at the time of the marriage, is no basis for her claiming, after his death, a one-half interest in said contracts, although it is provided therein that payments be made to the vendors, since the reasonable inference is that she joined in said executions for the purpose of barring her inchoate right of dower and to show that the male vendor was married (3 Comp. Laws 1915, § 11716); the antenuptial contract not being of record.

Appeal from Eaton; McPeek (Russell R.), J.  Submitted October 7, 1926.  (Docket No. 45.)  Decided January 3, 1927.

Bill by Sophronia Marshall against Marcellus E. Reed and others to establish an interest in certain land contracts.  From a decree dismissing the bill, plaintiff appeals.  Affirmed.

*Sowers & Cameron* (*Elmer N. Peters*, of counsel), for plaintiff.

*R. A. Latting* and *H. H. Partlow*, for defendants.

WIEST, J.  Sophronia Marshall is the widow of Joseph Marshall.  By antenuptial agreement, dated January 3, 1917 (that being the day of marriage), it

---
[1]Husband and Wife, 30 C. J. § 215.

was provided that, if Sophronia outlived Joseph, she should be paid $10,000 and have the homestead and household goods, in full settlement of any and all rights, dower interest or otherwise in Mr. Marshall's estate, but should have an interest in property accumulated during the marriage.    At that time the parties were well along in years.    At the time of the marriage Mr. Marshall owned two parcels of land besides the homestead.    March 20, 1920, he sold one of the parcels to Ed and Mary R. Oakley on land contract, executed by himself and Mrs. Marshall.    August 29, 1921, he sold the other parcel to Clyde L. Millross on land contract, also executed by himself and wife. August 22, 1922, Mr. Marshall died leaving a will carrying out the provisions of the antenuptial contract. The land contracts were inventoried and administered as a part of Mr. Marshall's estate.    The widow took under the will.    Later Mrs. Marshall filed the bill herein claiming a half interest in the land contracts. This claim is based upon the fact that, upon the face of the contracts, she is one of the vendors, and as payments were agreed to be made to the vendors she is to be considered as vested with a half interest therein.    In the circuit the bill was dismissed and the case is here by appeal of plaintiff.

The circuit judge was clearly right in dismissing the bill.    Mrs. Marshall never had any more right or interest in the land contracts than she had in the real estate they covered.    Such real estate was owned by Mr. Marshall at the time of the marriage.    There is no evidence, or even claim, of an agreement that plaintiff should have an interest in common with her husband in the payments on the land contracts.    Joining in the contracts as a vendor with her husband worked no setting over of a right to one-half of the payments.    The titles of record bar any such inference, the antenuptial agreement negatives such an in-

237—Mich.—22.

tention, and ordinary rules of conveyancing attach the common and sensible reason that she joined to bar her inchoate right of dower and have the instruments show that the male vendor was married.    See section 11716, 3 Comp. Laws 1915.    The antenuptial contract was not of record when the land contracts were executed.

In joining with her husband as a vendor in the land contracts Mrs. Marshall did not make herself liable to respond to the vendees if the titles proved bad, because, of record, she had no more than an inchoate right of dower in the premises.    Joining with her husband in executing the contracts was the proper method of barring her inchoate right of dower and, in the absence of proof establishing a gift, accomplished nothing more.

The decree in the circuit is affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.