LOUISE FARONE, Plaintiff, *v.* F. ANDREW HALL and Another, Defendants.

Supreme Court, Saratoga County, February 23, 1927.

**Vendor and purchaser — specific performance — plaintiff executed agreement to purchase from owner, subject to option to purchase executed by defendant's assignor — defendant exercised option pursuant to terms thereof and owner contracted to convey premises to him — option valid and assignable — defendant entitled to decree directing conveyance of property to him.**

This is an action by the plaintiff for the specific performance of a contract to purchase real property under an agreement making the sale to plaintiff subject to an option to purchase executed by defendant's assignor. Pursuant to the terms of the option, the owner of the property gave notice of the execution of the agreement to sell to plaintiff, whereupon the defendant, who had acquired title to the option, exercised his right to purchase the premises and contracted with the owner thereof to convey to him upon the same terms as recited in plaintiff's contract. The option being valid and assignable, the plaintiff is not in a position to question its validity, and consequently the defendant purchaser is entitled to a decree directing a conveyance of the property to him, in the absence of any evidence that deception was practiced upon plaintiff when she made the contract.

Moreover, plaintiff's agreement to purchase the property contained an express provision making the purchase subject to the terms of the option which was executed three years before plaintiff's contract to purchase.

ACTION for the specific performance of a contract for the purchase of real property. The plaintiff instituted the suit against the defendant Hall. Later, on notice, the codefendant was made a party.

*Chambers & Finn* [*Daniel J. Finn* of counsel], for the plaintiff.

*F. Andrew Hall*, defendant in person.

*B. K. Walbridge*, for the defendant Alton J. More.

HEFFERNAN, J. On the 2d of April, 1923, the defendant Hall became the owner of the real property described in the complaint. On the same day, by an instrument in writing based on a valuable consideration, he gave to the firm of Stone & Morris, owners of adjoining property, a valid option to purchase these premises should he, at any time thereafter, elect to sell the same, for the same consideration and upon the same terms that might be offered by any other person desiring to buy, upon condition, however, that the option should be exercised within ten days after written notice.

Thereafter, the firm of Stone & Morris was dissolved by the death of the latter and the surviving partner acquired title to all the partnership assets, including the real estate adjoining the premises of the defendant Hall, and including also the option. Later, Stone conveyed these premises and the option to the firm of More & Crippen. Prior to the commencement of this action, More & Crippen assigned the option to the defendant Alton J. More, the father of one of the copartners. The defendant More has some financial interest in this partnership and from time to time he has assisted it in meeting its obligations.

On December 15, 1926, the defendant Hall entered into an agreement with the plaintiff whereby he contracted to sell her the property in question for the sum of $11,300, payment to be made at the times and in the manner therein stated. This contract contained *inter alia* a clause to the effect that it was " subject to an agreement with Stone and Morris providing for eaves dripping and an option to purchase." After the execution of this contract the defendant Hall gave notice, in accordance with the terms of the option, to the surviving partner of Stone & Morris and to the estate of the deceased partner that he had made an agreement for the sale of this property with a specification of the terms thereof. The notice further stated that if the persons to whom it was given desired to exercise their right to purchase the premises they must do so within ten days upon the same terms contained in the contract which the defendant Hall had made with the plaintiff. After the giving of this notice, the defendant Hall learned that the premises

had meanwhile been conveyed to the firm of More & Crippen and consequently the defendant gave that concern a similar notice. Thereupon, the defendant More notified the codefendant Hall that he was the owner of the option, that he intended to exercise it, that he was ready and willing to enter into a contract of purchase on the same terms contained in the contract between plaintiff and the defendant Hall. Accordingly, on December 27, 1926, the parties entered into a contract in writing by the terms of which the defendant Hall contracted to convey to the codefendant More these premises upon precisely the same terms as those contained in the contract with the plaintiff.

At the time fixed in the contract for taking title, plaintiff tendered to the defendant Hall the cash balance on the purchase price, offered to fulfill the conditions imposed by the agreement on her and demanded a conveyance of the premises. The defendant declined to comply with this demand on the ground that he had entered into a contract for the sale of the premises to the defendant More. Thereupon this action was instituted and in her complaint the plaintiff seeks a judgment directing the defendant Hall to specifically perform his contract with her and to execute and deliver to her a deed of the premises in conformity with the terms thereof.

In his answer the defendant Hall alleges that he is unable to specifically perform his agreement with the plaintiff because of the outstanding option and that pursuant to the terms of such option he has made a contract for the sale of these premises to the defendant More and that he is ready and willing to execute and deliver a deed of the premises to whomsoever is rightfully entitled thereto. In his answer the defendant More interposes a counterclaim in which he seeks judgment directing the defendant Hall to execute and deliver to him a deed of the property upon compliance with the terms of the contract. It is apparent, therefore, that the defendant Hall has no interest in the outcome of the litigation, and that the real controversy is between the plaintiff and the defendant More. Plaintiff contends that the option in question is not valid, that it is not assignable, and that the assignment thereof from the firm of More & Crippen to the defendant More was without consideration.

It seems to me that this option is entirely valid and founded upon a good consideration. An option is an exclusive privilege to buy and a contract for the option is the agreement by which the privilege is created. It is binding upon the person who makes it, but not upon the person to whom made unless he accepts it, at which time it becomes binding upon both. It neither transfers nor agrees to transfer title to property, but confers the bare right to accept an offer within the time limited and upon the terms

stated. No obligation is assumed by the holder of an option and no promise is made in the contract therefor except by the one making the offer or granting the privilege. While there are two parties, it is unilateral in form and nature, and is signed by but one, the other becoming a party by paying the consideration and accepting the instrument. (*Benedict* v. *Pincus,* 191 N. Y. 377.) In the absence of an express provision in the contract prohibiting it, this option is assignable. (Pers. Prop. Law, § 41; *Lewis* v. *Bollinger,* 115 Misc. 221; *Grosso* v. *Sporer,* 123 id. 796.) In this case there is nothing to indicate that the parties intended that the option should not be assigned. The mere fact that it contains no clause making it binding upon assigns or authorizing its transfer is of no importance. The assignability of a contract must depend upon the nature of the contract and the character of the obligations assumed rather than the supposed intent of the parties, except as that intent is expressed in the agreement. Parties may, in terms, prohibit the assignment of any contract and declare that neither personal representatives nor assignees shall succeed to any rights in virtue of it or be bound by its obligations. But when this has not been declared expressly or by implication, contracts other than such as are personal in their character, as promises to marry or engagements for personal services requiring skill, science or peculiar qualifications, may be assigned and by them the personal representatives will be bound. (*Devlin* v. *Mayor,* 63 N. Y. 8; *Smith* v. *Craig,* 211 id. 456; *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.,* 226 id. 313; *Janvey* v. *Loketz,* 122 App. Div. 411.) This plaintiff is not in a position to question the validity of the assignment from More & Crippen to the defendant More.

When plaintiff made her contract with the defendant Hall, she learned of the existence of this option and in fact her agreement was expressly made subject to its provisions. The defendant More had a right to exercise the option to which he succeeded and he is entitled to a decree directing a conveyance of the property to him. So far as I can see the plaintiff has suffered no injury. No deception was practiced upon her when she made her contract. She was advised of the fact that there was an outstanding option and she has no legitimate ground for complaint because the owner thereof exercised his legal rights and she is not entitled to relief here.

For these reasons the complaint is dismissed but, under the circumstances, without costs, and judgment is directed requiring the defendant Hall to convey these premises to the defendant More in accordance with the contract between these parties.

Judgment is hereby directed accordingly.