*In re* MCBRIDE'S ESTATE.

1. HUSBAND AND WIFE—DOWER RIGHTS GIVE WIFE NO RIGHT TO PAYMENTS ON LAND CONTRACT.

   That wife having inchoate dower right in husband's land joined with him in executing land contract thereon, would give her no right to payments either before or after husband's death.

2. SAME—ESTATES—MERGER OF FEE AND LIFE ESTATE—USE AND OCCUPATION.

   Quitclaim of life estate to fee owner and wife did not modify fee, but it either merged life estate in fee, or, at most, carried use and occupation of premises to husband and wife during lifetime of life tenant; fee remaining in husband.

3. ESTATES—ONLY ONE ESTATE IN FEE SIMPLE EXISTS.

There can exist but one estate in fee simple to a particular parcel of land.

4. SAME—HUSBAND AND WIFE—LIFE ESTATES.

If quitclaim of life estate to fee owner and wife passed estate to them independent of fee, it ended with death of life tenant.

5. HUSBAND AND WIFE—LIFE ESTATE BY ENTIRETIES.

Husband is entitled to all benefits of life estate held by him and his wife by entireties.

6. SAME—VENDOR AND PURCHASER—INTEREST IN LAND CONTRACT BELONGS TO HUSBAND'S ESTATE WHERE FEE WAS IN HIM.

Where fee owner and wife executed contract for sale of land to which he and his wife had life estate during lifetime of life tenant, and life tenant died before husband, all sums due under contract passed to administrator of husband's estate as personalty.

Error to Oakland; Gillespie (Glenn C.), J. Submitted January 13, 1931. (Docket No. 92, Calendar No. 35,210.) Decided February 27, 1931.

In the matter of the estate of Joseph McBride, the administrator listed the vendor's interest in a land contract as an asset of the estate. From a judgment affirming such action, his widow, Anna Elizabeth McBride, brings error. Affirmed.

*Louis H. Wolfe* (*Leopold D. Mayer*, of counsel), for appellant.

*Patterson & Patterson*, for appellee.

WIEST, J. In 1914, Joseph McBride owned in fee, subject to a life estate in Stephen S. Cooper, a parcel of land in Troy township, Oakland county. In 1924, Mr. Cooper quitclaimed his life estate to McBride and wife. In January, 1925, Mr. McBride

sold the premises on land contract to Isaac Dreifuss. Mrs. McBride joined with her husband in executing the land contract. Mr. McBride died intestate in February, 1929. Mr. Cooper died in February, 1927. The administrator of Mr. McBride's estate listed the amount unpaid on the land contract as an asset of the estate. Mrs. McBride objected to such listing on the ground that, under the law, the amount unpaid on the land contract belonged to her, and, by writ of error, reviews judgment to the contrary.

When the land contract was executed Mrs. McBride had an inchoate right of dower in the premises. This gave her no right to the payments on the land contract, either before or after her husband's death. *Marshall* v. *Reed,* 237 Mich. 336.

The quitclaim of the life estate by Cooper to the fee owner and his wife did not at all *modify* the fee; it either merged the life estate in the fee, or, at the most, being to the fee owner and his wife, carried use and occupation of the premises during the lifetime of Mr. Cooper. There can exist but one estate in fee simple to a particular parcel of land. Such estate was in Mr. McBride. If the quitclaim by Cooper of his life estate passed an estate to Mr. and Mrs. McBride, independent of the fee, it ended with the death of Mr. Cooper. Mr. Cooper died before Mr. McBride. Mr. and Mrs. McBride did not sell the land as tenants by the entirety, for Mrs. McBride held no such estate therein. Mrs. McBride joined in the land contract to release her inchoate right of dower and to permit use and occupation by the vendee during the lifetime of Mr. Cooper. If the quitclaim of the life estate by Mr. Cooper vested that estate in Mr. and Mrs. McBride as tenants by the entirety, then, during the lifetime of Mr. Cooper, Mr. McBride was entitled to all benefits thereunder,

and, inasmuch as the life estate ended with the death of Mr. Cooper and before the death of Mr. McBride, we cannot hold that Mrs. McBride takes the whole or any part of the payments upon the land contract after the death of Mr. McBride. Mr. McBride, owner of the fee, was the vendor in the land contract, and, upon his death, all sums unpaid thereon passed to the administrator of his estate as personalty. *Detroit Trust Co.* v. *Baker,* 230 Mich. 551. This holding disposes of all questions requiring discussion.

The judgment in the circuit is affirmed, with costs against appellant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.