SLOMAN *v.* CUTLER.

1. Deeds—Restriction on Alienation Void Where Repugnant to Grant.

   If one's interest in property is absolute, as fee simple, restriction on right of alienation is void as repugnant to grant.

2. Same—Restriction Valid Where Grantor Has Reversionary Interest—Leases.

   Where grantor retains interest in property granted, such as reversionary interest to him as lessor, said interest generally will support imposing of restriction on alienation.

3. Vendor and Purchaser—Restriction Against Selling Sustainable.

   While vendor's interest in land contract is not a reversion, it is an important interest, and therefore restriction therein against vendee's selling without consent of vendor is sustainable as within his right to preserve his security under the contract.

4. Same—Assignments—Consent—Consideration—Assumption of Performance.

   Consent by vendors to assignment of land contract by vendees is consideration for assignee's acceptance and assumption of performance of contract.

5. SAME—BLANKS—DEFECTIVE ASSIGNMENT NOT FATAL.

That blanks were left in the form of assignment by vendee to assignee, in the form of consent by vendor, and in the form of assumption of performance by assignee was not fatal defect, since they were in effect indorsed upon contract, and especially where, when documents are read together, the blunders are so evident as to correct themselves, and blanks may be supplied from writings as whole.

6. SAME—HUSBAND'S CONSENT TO ASSIGNMENT SUFFICIENT—HUSBAND AND WIFE.

Where wife joined with husband in execution of contract on his property solely to bar dower, husband's consent to assignment was sufficient.

7. SAME—ASSIGNEE WHO ASSUMES PERFORMANCE IS LIABLE ON CONTRACT.

Where assignee of vendee's interest in land contract assumed performance, and vendor consented to assignment, assignee is liable to vendor for past-due instalments of purchase price.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 12, 1932. (Docket No. 113, Calendar No. 35,853.) Decided June 6, 1932.

Assumpsit in common pleas court by Adolph Sloman and another against Philip Cutler for instalments due on a land contract. Judgment for defendant. Plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs appeal. Reversed.

*Edmund M. Sloman* and *Arthur H. Ratner* (*Adolph Sloman, in pro. per.,* of counsel), for plaintiffs.

*Shapero & Shapero (Nelson S. Shapero,* of counsel), for defendant.

*Edwin C. Goddard, amicus curiæ.*

CLARK, C. J. This suit by plaintiffs, husband and wife, named as vendors of property, owned by husband, in an executory land contract, against defendant Cutler, assignee of the purchaser, Rose M. Braidel, is in assumpsit to recover instalments of the purchase price. Defendant had judgment. Plaintiffs have appealed.

The contract provides against assignment by the purchaser without written consent of the vendor, and this is coupled with a provision for forfeiture for breach.

Defendant accepted the contract by assignment from the purchaser, the vendors consenting thereto, and the assignee assuming performance of the contract, and this is asserted to establish contract relations between plaintiffs, vendors, and defendant, assignee. On the other hand, it is urged that the contract provision against assignment is void as a restraint on alienation, that the asserted contract between the parties is without consideration, and that, therefore, there is no privity of contract.

On the question of whether the contract provision against assignment by the purchaser is void as a restraint on alienation, our investigation proved the correctness of the statement, in 27 R. C. L. p. 564, that the law on the question is not clear. We invited Professor Edwin C. Goddard of the law faculty of the University of Michigan to file brief *amicus curiæ*. We have been aided by his excellent brief, as we gratefully acknowledge.

If one's interest in property is absolute, as a fee simple, restriction on his right of alienation is void as repugnant to the grant. This is because violation of the restriction affects no interest but his own. *Mandlebaum* v. *McDonell*, 29 Mich. 78 (18 Am. Rep. 61). Where the grantor retains an interest in the

property granted, such as reversionary interest to him as lessor, the interest generally will support the imposing of a restriction on alienation.

The interest remaining in a vendor in a land contract is not a reversion, but it is an important interest, commonly the greater interest and near the value of the property, and his imposing such restriction is sustainable as within his right to preserve his security under the contract. In *Peters* v. *Canfield,* 74 Mich. 498, such restriction was, by implication, treated as valid. As pointed out in the mentioned brief, many cases have assumed validity of such a stipulation, often holding that it may be waived. *Maday* v. *Roth,* 160 Mich. 289 (136 Am. St. Rep. 441), cited in 39 Cyc. p. 1646; *Foley* v. *Dwyer,* 122 Mich. 587; *Rodenhouse* v. *De Golia,* 198 Mich. 402; *Shively* v. *Semi-Tropic L. & W. Co.,* 99 Cal. 259 (33 Pac. 848); *Laguna L. & W. Co.* v. *Greenwood,* 92 Cal. App. 570 (268 Pac. 699); *Wilson* v. *Reuter,* 29 Iowa, 176; *McPheeters* v. *Ronning,* 95 Minn. 164 (103 N. W. 889); *Spilman* v. *New Rockford Inv. Co.,* 52 N. D. 169 (201 N. W. 691); *Park* v. *McCoy,* 121 Wash. 189 (208 Pac. 1098).

Others have sustained validity: *Olcott* v. *Heermans,* 3 Hun, 431; *Cranston* v. *Wheeler,* 37 Hun, 63; *Farone* v. *Hall,* 128 Misc. Rep. 794 (220 N. Y. Supp. 1); *Smith* v. *Martin,* 94 Ore. 132 (185 Pac. 236); *Boyd* v. *Bondy,* 113 Wash. 384 (194 Pac. 393).

In neither *Cutler* v. *Lovinger,* 212 Mich. 272, nor *Hull* v. *Hostettler,* 224 Mich. 365, is there a denial that, as against the vendor, the restriction is valid. In the first case the vendor was not a party. In both cases the assignment by vendee was treated as valid, and such assignments are generally so regarded as between assignor and assignee as are assignments by lessees, it being considered that the

restriction is in favor of the vendor or the lessor, his enforcing it is optional, he may waive it, and it is considered waived in many cases on rather slight evidence.

While the contract remains executory and the vendor has interest in preserving his security, the validity of the restriction as against the vendor is sustained by the great weight of authority, and in justice it ought to be sustained.

Plaintiffs here, vendors, were not required by law to consent to the assignment, the restriction was valid as against them, and consent is consideration for defendant's acceptance of assignment and assumption of performance of contract.

Blanks were left in the brief form of assignment to defendant, in the brief form of Mr. Sloman's consent, and in the brief form of defendant's assumption of performance, all of which were in effect indorsed upon the contract. When the documents are read together, the blunders are so evident as to correct themselves (*Smith* v. *Lloyd,* 29 Mich. 382; *Peck* v. *Houghtaling,* 35 Mich. 126), and the blanks may be supplied from the writings as a whole. 13 C. J. p. 308.

And, as this was Mr. Sloman's property and his wife joined in execution of the contract solely to bar dower, Mr. Sloman's consent to the assignment was sufficient. *Marshall* v. *Reed,* 237 Mich. 336.

No other question requires discussion.

Reversed, with costs, and remanded for judgment for plaintiffs.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.