Argued September 15; modified October 18, 1932

# BROWN *v.* SECURITY SAVINGS & TRUST CO. ET AL.

## IN RE BROWN'S ESTATE

(14 P. (2d) 1107)

616

*Henry S. Westbrook,* of Portland, for appellant.

*Howard P. Arnest,* of Portland (Arthur A. Goldsmith, of Portland, on the brief), for respondents.

BELT, J. This is an appeal from an order of the circuit court denying a petition for the admeasurement of dower. Geo. W. Brown, the decedent, and Susan Brown were married on November 24, 1927. On June 8, 1928, Brown died, and, by his last will and testament, provided for his widow as follows:

"Item III. I hereby declare it to be my will, intention and desire that my wife, Susan Brown, who has sued me for divorce and who has treated me in a cruel and inhuman manner shall have no part of my estate other than the sum of Ten ($10.00) Dollars, which sum I do hereby bequeath to her; and I further declare that I have heretofore made, executed and delivered to my said wife a deed, conveying to her, as tenant by the entireties with me, an undivided one-half interest in the real property where we now reside situated in Multnomah county, Oregon, described as the East 41.18 feet of the West 82.36 feet of Lots four, five and six (4, 5 and 6), Block twenty-six (26) in Sunnyside, within the corporate limits of the City of Portland, and that said conveyance was made to her under an agreement with her whereby the same was accepted in full of all her claims upon real property belonging to my estate."

On March 26, 1929, the widow filed her petition alleging a dowable interest in certain parcels of real property described as follows:

(1) The south 48 feet of lots 10 and 11, of block 2, Strang's addition to the city of Portland. This property, on January 6, 1923, was sold on contract by W. B.

Pearis to one Struble. Geo. W. Brown, prior to his marriage with the petitioner herein, acquired the property from Pearis subject to the contract of sale which the latter had made with Struble. Later, Pearis acquired the interest of Struble in the contract of purchase and was in possession of the property at the time of the death of Brown.

(2) Lot 4, Block 6, Cannongate, Portland, was acquired by Geo. W. Brown on April 27, 1927, subject to a contract of sale which his predecessor in title had made with Carl Dahlstrom. At the time of Brown's death there was a balance due on the purchase price. In the administration of the estate this balance was paid to the executor and the latter executed a deed, in which the widow did not join, conveying this property to Dahlstrom.

(3) Lot 6, block 6, Cannongate, was acquired by Geo. W. Brown on May 18, 1927, from Wm. A. Sylvester who conveyed it subject to a mortgage and contract of sale. In the administration of the estate, one Pace, who had contracted to purchase the property from Sylvester, paid the balance of the purchase price to the executor and a deed of conveyance, in which the widow did not join, was made in his favor.

(4) Part of lots 5 and 6, block 19, Sunnyside, was, on October 27, 1926, contracted to be sold to Walter Ray Davis by Geo. W. Brown. Later Davis assigned his interest in the contract to M. B. Collins who was in possession of the property at the time of Brown's death.

(5) Lot 12, block 10, Westmoreland, was, on March 28, 1928, sold on contract by Geo. W. Brown and Susan Brown to Anna C. Cahill.

(6) The "Brooks property" on Fremont street, Portland, was, on February 16, 1928, contracted to be sold by Geo. W. Brown and Susan Brown to L. W.

Brooks and wife, subject to a $1,500 mortgage. After the death of Brown and during the pendency of this proceeding, Brooks paid to the executor the balance of the purchase price, namely $1,613.32, and this sum was deposited in escrow with the defendant Security Savings & Trust Co. to be held by it subject to whatever dowable interest the widow had in this property.

(7) Part of lot 20 block 28, Irvington, Portland. On March 10, 1928, Geo. W. Brown and his wife executed a lease with option to purchase in favor of D. Bessinger. After the death of Brown, this lease was canceled and the option to purchase was never exercised.

(8) The east 40 feet of lots 4, 5 and 6, block 26, Sunnyside, was contracted to be sold by Geo. W. Brown after marriage, in which contract the wife did not join.

■ Relative to the first four above listed parcels of real property which, prior to marriage, were acquired by Geo. W. Brown, subject to contract of sale, or which were contracted by him to be sold, it is clear that the widow has no dowable interest therein. At the time of his marriage, Brown was not "seised of an estate of inheritance" (§ 10-301, Oregon Code 1930) in this property. As vendor he merely held the legal title in trust for the vendee. The vendee, upon performance of the contract of purchase, was entitled to have conveyed to him a good title, and he could not be deprived of such right by the marriage of the vendor. The estate in this land of which Brown was seised during coverture was one qualified and encumbered by the contract of sale. It was not an estate of inheritance. In support of this conclusion, see: 19 C. J. 481, and Pomeroy's Equity Jurisprudence (2d Ed.) § 2272, wherein numerous authorities are cited. Appellant has not cited any authorities in point to the contrary.

■ Concerning the fifth and sixth parcels of real property above listed, wherein the husband and wife

joined in the executory contract of sale, we also conclude that the widow has no dower interest. When she joined in the contracts of sale, there was a relinquishment of her inchoate right of dower in the properties. Before the death of her husband, the appellant had no absolute right of dower in the estates of inheritance of which her husband was seised during coverture. She had merely an inchoate right which would become perfected upon the death of her husband during her life. Until the death of the husband, such right of the wife is a mere intangible, inchoate, contingent expectancy. The essential requisites of dower are: (1) A lawful marriage; (2) seisen of the husband, during the marriage, of an estate of inheritance in land; and (3) death of the husband leaving his wife surviving: Thompson on Real Property, § 811. While the statute (§ 10-313, Oregon Code 1930) has provided the method of barring dower, namely, by the wife joining in deed of conveyance, it is not to be understood that the relinquishment of an inchoate right of dower can not be accomplished by joining with the husband in an executory contract for sale of land.

Michigan has similar statutory provisions in reference to dower rights. In *In re McBride's Estate*, 253 Mich. 305 (235 N. W. 166), it is said: "Mrs. McBride joined in the land contract to release her inchoate right of dower  *  *  *. Mr. McBride, owner of the fee, was the vendor in the land contract and, upon his death, all sums unpaid thereon passed to the administrator of his estate as personalty." To the same effect see *Detroit Trust Co. v. Baker*, 230 Mich. 551 (203 N. W. 154, 204 N. W. 773), and *Marshall v. Reed*, 237 Mich. 336 (211 N. W. 637).

In some jurisdictions, the widow has a dowable interest in equitable estates, but it is not so in Oregon:

*Gratton v. Gratton's Estate,* 133 Or. 65 (283 P. 747);
*Bosma v. Harder,* 94 Or. 219 (185 P. 741); *Hadley v.
Hadley,* 73 Or. 179 (144 P. 80, 82); *Whiteaker v. Van-
schoiack,* 5 Or. 113; *Farnum v. Loomis,* 2 Or. 29. Brown
had no beneficial ownership in the lands under con-
sideration. He held the legal title in trust for the ven-
dee. The balance of the purchase price, paid to the
executor of his estate, is personalty, in which the
widow has no dowable interest: *Collins v. Creason,* 55
Or. 524 (106 P. 445); *Security Savings Co. v. Macken-
zie,* 33 Or. 209 (52 P. 1046); *In re Estate of Denning,*
112 Or. 621 (229 P. 912).

7. As to the property listed as No. 7, which Brown
and his wife leased, giving option to purchase: In view
of termination of the lease and the failure of Bessinger
to exercise his option to purchase, we hold that the
appellant is entitled to have her dower rights admeas-
ured therein. The status of such property relates to
the time the lease and option were executed, at which
time the husband was seised of an estate of inheritance.

8. Concerning the last listed property, or 'that
which the husband contracted to sell, we believe the
widow is entitled to her dower therein. The husband
could not, by deed, defeat the right of his wife to her
dower rights. Neither could he do so by contract in
the execution of which she did not join. There is no
waiver of dower involved as the petition for admeas-
urement was filed within a year after the death of the
husband.

The decree of the lower court dismissing the peti-
tion is reversed and the cause is remanded with direc-
tion to admeasure the dower interests of the widow not
inconsistent with this opinion. Neither party will re-
cover costs or disbursements.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.