KABAKER *v.* VAN MAELE.

VENDOR AND PURCHASER—FORECLOSURE—DEFICIENCY DECREE—AS-
SUMPTION OF OBLIGATION TO PAY.

> In suit to foreclose land contract, decree for deficiency against
> assignees of vendee's interest was properly denied, where they
> did not assume or agree to pay obligations of vendee, but,
> instead, covenanted to pay obligations of seller. SHARPE,
> FEAD, and BUTZEL, JJ., dissenting, on ground that there was
> mistake in using wrong form for assignment, and that as-
> signees intended to assume and pay vendee's obligations.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted January 18, 1933. (Docket No. 130, Calen-
dar No. 37,032.) Decided April 4, 1933. Rehearing
denied June 5, 1933.

Bill by David Kabaker against Albert Van Maele
and another and Morris De Clark to foreclose a land
contract and for deficiency. Decree for plaintiff for
deficiency against defendant De Clark only. Plain-
tiff appeals. Affirmed.

*Leo A. Coskey (John Sklar,* of counsel), for plain-
tiff.

*Leslie L. Alexander,* for defendants Van Maele.

POTTER, J. Plaintiff, May 19, 1932, filed a bill
against defendants to foreclose a land contract, and
for deficiency. Plaintiff had decree of foreclosure
and for deficiency against defendant De Clark. From
the decree entered, plaintiff appeals, claiming a
decree for deficiency against defendants Van Maele.
October 1, 1924, William Endert and wife, owners
of the property in question, sold it on land contract

to Sylvester Onyskow and Peter Soduski. April 22, 1926, Soduski assigned his interest in the contract to Sylvester Onyskow. June 8, 1926, Onyskow and wife assigned their interest in the contract to Albert Van Maele and Mary Van Maele, his wife. January 3, 1931, Van Maele and wife assigned their interest in the land contract to Morris De Clark. February 28, 1925, William Endert and wife sold their interest in the premises to plaintiff. Default having been made in the contract, plaintiff filed this bill.

The assignment from Onyskow and wife to Van Maele and wife was in writing. It assigns the contract:

"together with all sums due and to become due thereon and covenants that there is now owing thereon $10,816.95, with interest from May 28, 1926. Said assignee covenants to perform the obligations of the seller in said contract, the lands therein described having been this day conveyed to the assignee by deed of even date."

When Albert Van Maele and Mary Van Maele assigned the contract to defendant De Clark, the assignment recited there was "a balance owing upon said contract of $8,446.37, with interest from July 1, 1930, which said assignee and grantee assumes and agrees to pay."

The trial court found a decree providing for a deficiency against defendant De Clark. He has not appealed. No decree providing for a deficiency against defendants Van Maele was entered, for the obvious reason there was no assumption and agreement to pay upon their part.

Decree affirmed, with costs to appellees.

McDonald, C. J., and Clark, North, and Wiest, JJ., concurred with Potter, J.

FEAD, J. (*dissenting*). The peculiar nature of the language in the assignment was due to the parties mistakenly using a printed form for assignment of vendors' interest in land contract. The assignment demonstrates the clear purpose and covenant of the Van Maeles to assume and agree to pay the obligations of the Onyskows under the land contract, and the blunder in language is so evident as to correct itself. *Sloman* v. *Cutler*, 258 Mich. 372; *Smith* v. *Lloyd*, 29 Mich. 382.

Decree should be reversed as to defendants Van Maele and one entered against them for deficiency decree, with costs.

SHARPE and BUTZEL, JJ., concurred with FEAD, J.