BILTMORE LAND CO. *v.* LUNDBLAD.

VENDOR AND PURCHASER—CONSENT TO ASSIGNMENT—SECURITY FOR
LOAN BY ASSIGNEE TO VENDEE.
Vendor under land contract, whose agent consented to vendee's
assignment of his interest to assignee, *held,* not entitled to hold
latter for deficiency upon foreclosure notwithstanding language
of assignment whereby assignee assumed vendee's obligations
under the contract where vendor's agent knew assignment was
made to secure loan by assignee to vendee and not for purpose
of purchasing latter's interests and vendor's consent to the
assignment was given merely to comply with the requirements
of the contract and it thereafter accepted payments from
vendee.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted January 11, 1935. (Docket No. 73, Calendar No. 38,000.) Decided April 8, 1935.

Bill by Biltmore Land Company, a Michigan corporation, against Claus D. Lundblad and August Bewernitz to foreclose a land contract. From decree for plaintiff holding defendant Bewernitz liable for deficiency, he appeals. Reversed as to defendant Bewernitz.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Elton R. Nellis (John J. Nellis,* of counsel), for defendant Bewernitz.

NELSON SHARPE, J. On March 28, 1923, the plaintiff executed a contract to sell certain real estate in the city of Detroit to the defendant Lundblad for the sum of $4,400, of which $440 was then paid, the

balance to be paid as therein provided. The record discloses that in 1925 Lundblad desired to obtain a loan of $6,000. He consulted Mr. Stellwagen, the president of the Wayne Savings Bank, relative to it, and, on the solicitation of Stellwagen, the defendant Bewernitz made the loan. Lundblad executed his promissory note therefor, dated September 22, 1925, and in it he transferred to Bewernitz as collateral security his interest in the land contract with the plaintiff, with a right to sell it as therein provided.

Stellwagen was not sworn as a witness. It appears, however, that he afterwards secured an assignment of the land contract, which bears no date, from Lundblad to Bewernitz, and the acceptance of it by the latter on October 24, 1925, in which, in consideration of the consent indorsed thereon, he agreed ''to assume, perform and carry out'' the obligations of the vendee therein. Stellwagen later secured the consent in writing of the plaintiff to the assignment.

Alleging default in payment, the plaintiff, on December 28, 1932, filed the bill of complaint herein to foreclose the contract. It alleged therein the assignment from Lundblad to Bewernitz and the assumption of the obligations by the latter, and prayed for a decree for payment by both defendants and a sale of the property in default thereof.

After the submission of proofs, the trial court entered a decree fixing the amount unpaid upon the contract, adjudging that both defendants were liable therefor, and, in case of default in payment, ordered the property sold, and in case of deficiency that the plaintiff have execution therefor against both defendants. The defendant Bewernitz has appealed therefrom.

If the plaintiff's agents, Hannan Real Estate Exchange, which signed the consent, had knowledge that the assignment was not made to transfer the vendee's interest in the contract to the assignee, but that it was made for security only, no personal liability would attach to the assignee under our holding in *Biltmore Land Co.* v. *Munro Estate, ante,* 125. Plaintiff in this case, as in that, insisted upon its right to recover against the assignee, under the rule of law stated in *Sloman* v. *Cutler,* 258 Mich. 372. No direct proof of what occurred at the time the consent was signed was submitted.

In the statement of facts, stipulated orally, plaintiff's counsel said:

"This assignment was actually made by Lundblad to Bewernitz as security for a debt owed by Lundblad to Bewernitz amounting to $6,000, and evidenced by a promissory note, the original of which is offered as exhibit C."

It also appears that the plaintiff accepted payments from the vendee thereafter and receipted for the same in a book to which the vendee's copy of the contract was attached. From the record so presented we are impressed that plaintiff's agents knew that the purpose of the assignment was to secure the payment of the vendee's note to the assignee, and that the consent was given, as in the *Munro Case,* to comply with the terms of the contract providing therefor.

It follows that the decree insofar as it adjudges a liability against the defendant Bewernitz is reversed and set aside, with costs to him, and, as so modified, is affirmed.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.