■ TOROY REALTY CORP., Respondent, v RONKA REALTY CORP., Defendant, and LEONARD SIMMONS, Appellant.—In an action to recover damages for breach of contract and fraud, defendant Simmons appeals from a judgment of the Supreme Court, Nassau County (Kelly, J.), entered January 17, 1984, which granted plaintiff's motion for summary judgment against him and awarded plaintiff $140,554.90.

Judgment reversed, with costs, motion denied, and matter remitted to the Supreme Court, Nassau County, for further proceedings.

Plaintiff and defendant Simmons entered into an option agreement for the sale of real property. The option agreement provided that Simmons was granted an assignable option upon sale terms which included plaintiff's obligation to provide a purchase-money mortgage. Thereafter, Simmons assigned the option to defendant Ronka Realty Corp., a close corporation under his control. Ronka exercised the option but later defaulted by refusing to go to contract. Plaintiff then commenced the instant action. Plaintiff obtained a default judgment against Ronka and then brought this motion for summary judgment against Simmons. Special Term granted the motion, finding that Simmons was liable under the exercised option. In addition, it held that plaintiff had established sufficient grounds to pierce the corporate veil of Ronka and hold Simmons personally liable for the corporation's debts.

Ordinarily, option agreements create only unilateral obliga-

tions upon the seller to hold a sale offer open for the duration of the option. The obligations of the parties are transformed into a bilateral contract of sale only upon the exercise of the option *(see, e.g., Benedict v Pincus,* 191 NY 377; *Rockland-Rockport Lime Co. v Leary,* 203 NY 469; 3A Warren's Weed, New York Real Property, Options, §§ 1.01, 2.04). When such a bilateral contract is created, the assignor cannot relieve himself of all obligations under the contract absent a release or novation *(see, e.g., Cowper Co. v CDC-Troy, Inc.,* 50 AD2d 1076; *Iorio v Superior Sound,* 49 AD2d 1008.)

The instant case, however, involves an option contract which created a unilateral obligation to keep an offer open for a period of time without any obligation on the part of the option holder until the option was exercised *(see, e.g., Farone v Hall,* 128 Misc 794; *Benedict v Pincus, supra;* 3A Warren's Weed, New York Real Property, Options, §§ 5.01-5.04). As a general rule, where the option is assignable, the assignment is made prior to the exercise of the option and the assignee validly exercises the option, the obligations under the bilateral contract thereby created are binding only upon the assignee of the option *(see, e.g., Rockland-Rockport Lime Co. v Leary, supra; Farone v Hall, supra).* Generally, such options are freely assignable absent express language to the contrary or terms which indicate that the seller is relying upon the credit of the optionee or other forms of personal performance *(see, e.g., Cochran v Taylor,* 273 NY 172, 182-184). While the option agreement at bar did contain an extension of credit in the form of plaintiff's obligation to provide a purchase-money mortgage, plaintiff also admittedly agreed to a negotiated assignment term whereby Simmons was to have the right to freely assign the option. Thus, the only reasonable interpretation of the agreement was that plaintiff regarded the mortgage itself as sufficient security for its extension of credit *(see, e.g.,* 1A Corbin, Contracts ch 11, § 271, at 574).

Insofar as Special Term grounded its judgment upon piercing the corporate veil, the "determinative factor" in piercing the corporate veil, in the context of this case, is whether Simmons disregarded the independent corporate existence of Ronka and used the corporation for the transaction of his personal, rather than corporate, business *(see, e.g., Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656-657; *Cooperstein v Patrician Estates,* 97 AD2d 426). Upon examination of this record, there are triable issues of facts concerning Simmons' conduct of the corporation's business in this regard.

Thus, summary judgment was inappropriate. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.