CUTLER *v.* LOVINGER.

1. VENDOR AND PURCHASER—LAND CONTRACTS—RIGHT OF VENDEE TO CONVEY INTEREST IN PROPERTY.

The vendees in a land contract have an equitable interest in real estate, and they have a right to contract to sell and convey the same, notwithstanding a provision in their contract that they cannot assign it without the consent of their vendor.

2. SAME—SPECIFIC PERFORMANCE—CONSENT OF VENDOR.

It was no defense, in a suit for specific performance of an agreement to enter into a land contract, that the owner of the fee, from whom defendants were purchasing on a land contract, had refused to consent in writing to the assignment of the same to plaintiff, where it appeared that plaintiff, in accordance with the terms of the agreement he was seeking to enforce, was prepared to pay defendants more than the amount they were owing on their contract, and the owner testified that he was ready to convey the premises to defendants when the amount due him was paid; it thus appearing that it was within the power of defendants to perform.

Appeal from Wayne; Hosmer (George S.), J. Submitted October 6, 1920. (Docket No. 22.) Decided December 21, 1920.

Bill by Abraham J. Cutler against Joe Lovinger and another for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Leon Dreifuss,* for plaintiff.

*Clarence P. Milligan,* for defendants.

SHARPE, J. On July 11, 1919, defendants entered into an agreement in writing with plaintiff whereby

they agreed that on plaintiff's paying the sum of $3,000 ($100 of which was then paid) they would enter into a land contract to sell and convey to him certain premises in the city of Detroit for a consideration of $10,700. It further provided that the defendants, who then held under a land contract only, would, on the payment of a sum equal to their equity, assign their land contract to plaintiff.

On July 18th plaintiff notified defendants that he was ready to close the deal. They then told him that their contract to purchase contained a provision that they could not assign it without the consent of their vendor, Clarence P. Milligan, and that he refused to consent to such transfer. While there is dispute as to when such statement was made, we find the fact to be as stated. Plaintiff thereupon caused a contract to be prepared, embodying the provisions of the agreement of July 11th, and tendered it to the defendants, together with the sum of $2,900, then to be paid, and demanded the execution thereof. Defendants refused to sign for the reason before stated, and plaintiff filed the bill herein to compel performance.

Mr. Milligan appeared for defendants on the trial, and in response to a question of the trial judge said:

"Whenever I am paid up I will deed the property to Mr. and Mrs. Lovinger and then they can do as they please. $2,298 is the amount of my interest."

The trial court decreed specific performance and defendants appeal. In the brief filed by their counsel it is said:

"The only issue in the case is whether the trial court, in ordering a decree for plaintiff for specific performance, was correct or wrong in holding that it was no defense to the carrying out of the terms of the contract of sale between the plaintiff and defendant that the owner of fee in the property from whom defendant was purchasing, had refused to consent in

212—Mich.—18.

writing to the assignment of the contract of sale between said owner and defendant in this case."

We are not here concerned with the effect of the provision restricting the right of assignment as between the defendants and Mr. Milligan. The defendants owned an equitable interest in the real estate and had the right to contract with plaintiff that they would sell and convey the property to him. *Bird* v. *Hall,* 30 Mich. 374. An assignment of their contract would, of course, be subject to all defenses which Mr. Milligan might make when performance had been had by the plaintiff as assignee and a conveyance demanded.

It appeared, however, that Mr. Milligan was ready and willing to convey to defendants when the amount due him, $2,298, was paid. The plaintiff tendered defendants $2,900, more than enough to satisfy this amount. There was nothing to prevent defendants' paying Mr. Milligan the amount due him, securing a deed to themselves and entering into the contract agreed upon with plaintiff. We see no reason why specific performance should not be decreed.

The decree appealed from is affirmed, with costs to plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.