HULL v. HOSTETTLER.

1. SPECIFIC PERFORMANCE—EXCHANGE OF PROPERTIES—VENDOR AND
PURCHASER—ASSIGNABILITY OF LAND CONTRACT.

In a suit for the specific performance of a contract for an
exchange of properties wherein defendants agreed to take
the deed to plaintiff's farm, execute a mortgage thereon
to him and assign to him their equity as vendees in a
land contract, and, in compliance therewith, previous to
commencement of suit, they had assigned to plaintiff their
interest in said land contract, and all that remains for
them to do is to execute the mortgage, the defense that
said land contract is not assignable is not available, since
it has already been assigned.

2. VENDOR AND PURCHASER—ABSOLUTE RESTRICTION OF VENDEE'S
RIGHT TO SELL OR ASSIGN LAND CONTRACT VOID.

A restriction in a land contract absolutely prohibiting the
vendee therein from selling or assigning his interest in
the property conveyed would be void as an unlawful re-
striction upon the power to alienate real estate.

3. SAME—VENDEE'S RIGHT IS REAL PROPERTY—VENDOR'S PERSON-
ALTY.

The interest which a vendee in a land contract has is real
property, while that of the vendor is personalty.

4. SAME—VENDEE MAY SELL AND ASSIGN HIS INTEREST NOTWITH-
STANDING RESTRICTION.

A vendee in a land contract has a right to sell and assign
his interest in the property conveyed without the con-
sent of the vendor notwithstanding a restriction therein
to the contrary.

5. SAME—LAND CONTRACT MAY NOT BE FORFEITED FOR VIOLATION
OF NON-ASSIGNABILITY CLAUSE IF NOT PROVIDED FOR IN CONTRACT.

Where a land contract does not include, in the causes for
forfeiture, a violation of the non-assignable clause, none
may be implied, and if vendors have any remedy it is
an action for damages for breach of the covenant.

On validity and effect of stipulation in contract for sale of
land against assignment by vendee without vendor's consent,
see note in 35 L. R. A. (N. S.) 1064.

The general rules of equitable relief against forfeiture of estate
are discussed in note in 69 L. R. A. 833.

6. SAME—EQUITY WILL NOT ENFORCE FORFEITURE CLAUSE.

Even if a land contract provides that the vendors may declare a forfeiture for violation by vendees of the non-assignable clause equity will not only not aid them in enforcing it, but will restrict its effect as far as possible, since equity dislikes forfeitures.

7. SPECIFIC PERFORMANCE — EXCHANGE OF PROPERTIES — FRAUD — TRADING VALUES.

That both parties to a contract for an exchange of properties boosted somewhat the values of their respective properties, where both understood it and neither was deceived thereby, would be no defense, on the ground of fraud, in a suit for specific performance, and in the absence of proof of actual fraud or misrepresentation the decree for specific performance should be sustained.

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted June 13, 1923. (Docket No. 44.) Decided October 1, 1923.

Bill by Murray E. Hull against Alfred Hostettler and others for the specific performance of a contract for an exchange of real estate. From a decree for plaintiff, defendants appeal. Affirmed.

*Earl I. Heenan*, for plaintiff.

*John H. Dohrman*, for defendants.

McDONALD, J. This is an appeal from a decree granting specific performance of a contract for the exchange of real estate. The plaintiff owned a farm of 42 acres in Lapeer county, near Dryden, Michigan. The Hostettlers had an equity as vendees in a land contract of property in the city of Detroit. Desiring to exchange these properties the parties entered into a written contract, wherein it was provided that the plaintiff was to deed his farm to the Hostettlers and take back a mortgage thereon for $3,500 in exchange for their equity of $5,000 in the city property on which they still owed about $3,900. The negotia-

tions leading up to the exchange were carried on through a real estate agency in Detroit. In consummating the deal each party was to deposit the necessary papers with the realty company, which was authorized to make delivery of them. The plaintiff's deed was deposited together with the real estate mortgage which defendants were to sign. The Hostettlers deposited their original contract and an assignment thereof to plaintiff, but, before they got around to execute the mortgage, they changed their minds and declined to complete the deal. The plaintiff tendered his deed and the real estate mortgage for their signatures, and on their refusal to execute it filed his bill for specific performance. The defendants August G. Lamberg and Maggie Lamberg his wife are assignees of the original vendors in the contract with the Hostettlers, and on their petition the court permitted them to intervene. They ask to have it determined that as their contract was by its terms not assignable, the assignment to the plaintiff gave him no right, title or interest in the property, that it was a breach of the covenants and agreements of the contract, and that they are entitled to a decree declaring it forfeited. The Hostettlers in their defense relied on the non-assignability of the contract and the fraud of the plaintiff in inducing the exchange. From a decree for the plaintiff the defendants have appealed.

The first question discussed by counsel for the defendants is stated in his brief as follows:

"That the agreement cannot be specifically performed because of the restrictions contained in the land contract, against selling and assigning the vendees' rights thereunder. That such agreement was therefore incomplete, lacking the consent of the vendor in said contract, of which the plaintiff was informed by the defendant."

As between Hull and the Hostettlers the non-assignability clause in the contract is not one of the issues

in this case. The suit was not begun to compel an assignment; that already has been executed and delivered to the plaintiff, together with the original contract. Having made and delivered the assignment there is nothing to prevent the defendants from executing the mortgage and completing the performance. It is within their power to perform pursuant to contract, notwithstanding the attitude of the vendors. We might stop here in the discussion of this phase of the case were it not for the fact that the Lambergs, the vendors in the contract, have become parties to the suit and insist that the assignment is void and passes no title or interest in the property to the plaintiff, because it was made in violation of the restrictions. This raises the question as to the effect and validity of covenants of this character in land contracts. Such a covenant does not absolutely prohibit the vendee from selling and assigning his interest in the property. If it did it would be an unlawful restriction upon the power to alienate real estate. The interest which a vendee has is real property, while that of the vendor is personalty.

"In equity the land belongs to the vendee, and may be sold, devised or incumbered by him, and, on his death, will descend to his heirs." *Wing* v. *McDowell*, Walk. Ch. 181.

"While complainant holds the legal title, the defendant Casgrain is the owner in equity. The claim of the vendor is but an ordinary money debt, secured by the contract." *Walker* v. *Casgrain*, 101 Mich. 608.

In the recent case of *Cutler* v. *Lovinger*, 212 Mich. 272, it was held that notwithstanding a similar restriction clause in a contract, the vendee had a right to sell and assign it. Justice SHARPE, speaking for the court, said:

"The defendants owned an equitable interest in the real estate and had the right to contract with plaintiff

that they would sell and convey the property to him. An assignment of their contract would, of course, be subject to all defenses which Mr. Milligan (the vendor) might make when performance had been had by the plaintiff as assignee and a conveyance demanded."

The same situation exists in the instant case. The defendants had a right to sell and assign their interest. They have done so. The plaintiff holds it subject to all defenses available against the assignor. Because of these facts, as between the principal parties, we are not here concerned with the non-assignability clause of the contract. But the Lambergs claim that they have a right to declare a forfeiture of the contract because of the breach of this covenant. If it could be said that for this reason they might have such a right, in any case, they have none in this, because the contract does not give it to them. It declares some causes of forfeiture, but does not include a violation of the non-assignability clause. None can be implied. In view of these facts, if the vendors have any remedy because of the assignment, it is an action for damages for breach of the covenant. They are not entitled to declare a forfeiture, and, if they were, this court could not aid them. Equity dislikes forfeitures and not only will not aid in enforcing them, but will restrict their effect as far as possible. *Crane* v. *Dwyer,* 9 Mich. 350 (80 Am. Dec. 87) ; *Lozon* v. *McKay,* 203 Mich. 364; *Hodges* v. *Buell,* 134 Mich. 162.

It is further urged by counsel for the defendants that specific performance should be denied, "because of fraudulent misrepresentations and gross inadequacy of consideration." This was a trading transaction and both parties seem to have boosted somewhat the values of their respective properties, but we have discovered no testimony that would justify a conclusion that the defendants were induced to make the trade by false representations of the plaintiff. Undoubted-

ly, the plaintiff put a trading value on his farm. The defendants did the same thing with their city property. Both parties understood this and neither was deceived. The court found that each party increased his cash value "relatively in proportion to that of the other," and the testimony would seem to support the correctness of the judge's views. Our examination of the evidence on the question of fraud leads us to the same conclusions as were reached by the circuit judge, who not only had the advantage of seeing the witness, but who made a personal inspection of the farm. It does not appear in the record that the judge has ever had any experience as a "dirt farmer," and we are not informed as to his qualifications for judging farm values, but without doubt his inspection was helpful in enabling him to determine the weight of the testimony.

We see no reason why the defendants should not be required to specifically perform their contract as far as they are able to do so. They are not concerned in any subsequent trouble which the plaintiff may have with the vendor.

The decree of the circuit court is therefore affirmed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.