MICKENS v. EBBO.

1. LIFE ESTATES—BREACH OF CONDITION.
   In suit for forfeiture of life estate under provisions of will, finding of court below that there had been no breach of condition requiring insurance and repairs, *held,* supported by evidence.

2. SAME—BILL FOR FORFEITURE.
   Court below was not in error in holding that plaintiffs' bill of complaint was in effect bill for forfeiture, in view of allegation therein that defendant had failed to comply with conditions imposed by will, and that she "has forfeited any and all rights and interests" she had in parcels of land involved.

3. EQUITY—FORFEITURES.
   Court of equity will not aid in enforcement of forfeiture.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 2, 1931. (Docket No. 44, Calendar No. 35,615.) Decided June 25, 1931.

Bill by Bertha Mickens and another against Matilda Ebbo to terminate a conditional life estate. Bill dismissed. Plaintiffs appeal. Affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for plaintiffs.

*Knappen, Uhl, Bryant & Snow,* for defendant.

SHARPE, J. The last will and testament of Emery B. Ebbo, of Grand Rapids, contained the following paragraph:

"I give and grant unto my wife, Matilda Ebbo, the right to the free and undisturbed use and occu-

pancy and the rents and profits of my homestead property situate at No. 725 Thomas street, S. E., Grand Rapids, Michigan, from the date of my decease and for and during the remainder of her lifetime or so long as she shall, during her lifetime— (a) pay all taxes levied thereon when and as due (b) keep the buildings thereon reasonably insured and pay all premiums therefor when and as due and (c) keep the same in reasonable repair; and at and upon the termination of this conditional life lease, either through the death of my said wife or through her default in any of the conditions above enumerated, I give and devise the aforesaid homestead property in equal undivided interests unto each of my daughters then surviving and the issue of deceased daughters, if any (the issue of a deceased daughter to represent and take the interest the deceased parent would have taken if she had survived)."

(The widow elected to take thereunder.)

The will was duly admitted to probate, and, after administration had, an order of distribution was made, under which the property above described was allotted to the widow on January 13, 1925.

The plaintiffs are daughters of the deceased by a former wife. In their bill of complaint they allege that the defendant failed to comply with the provisions of the above bequest in that she did not pay the taxes levied against the property and keep the buildings thereon reasonably insured and in reasonable repair, and pray that her estate therein be deemed to be forfeited and that the title thereto be declared to be vested in them as joint tenants under the terms of said will.

The trial court found that there had been no breach in the condition requiring insurance or repairs, and in our opinion the evidence supported this

finding. He found that taxes were in arrears to the amount of $109.91, and ordered the defendant to pay the same within 30 days. On proof that such payment had been made, he, by supplemental decree, dismissed the bill of complaint, with costs to plaintiffs. Plaintiffs have appealed.

The purpose of the bill was to secure a decree declaring that defendant had forfeited her estate in the property and that the title thereto had vested in the plaintiffs.

Counsel for the plaintiffs here urge "that the court erred in holding plaintiffs' bill of complaint to be in effect a bill for forfeiture." In our opinion, it could not be otherwise construed. In paragraph 9 thereof it alleges that because of the failure of the defendant to comply with the conditions imposed on her by the will she "has forfeited * * * any and all rights and interests that she has or might have in and to said parcels of land," and in their prayer for relief they ask that the court "decree that the conditional life estate of defendant * * * is forfeited."

They seem to concede that a court of equity will not aid in the enforcement of a forfeiture. This is a well-settled and familiar doctrine, and has been many times announced by this court. *Hull* v. *Hostettler,* 224 Mich. 365, 369, and cases cited.

The decree is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.