JANKOWSKI v. JANKOWSKI.

1. VENDOR AND PURCHASER—ASSIGNMENT OF NONASSIGNABLE LAND CONTRACT.

A provision in a land contract forbidding assignment thereof· by the purchaser is an absolute valid· restriction where the contract remains executory since the seller has a right to see that the property is kept in the hands of a responsible person who will properly care for it and make the payments until the contract is fully executed.

2. SAME—SPECIFIC PERFORMANCE—FORFEITURE—ASSIGNMENT.

In suit in equity by purchasers under land contract and their assignees for specific performance of contract by vendors ·who had declared contract forfeited ·because of breach of non-assignment clause and to restrain further proceedings in vendors' possessory action, where latter's cross bill offered to do equity, decree ordering deposit with bank of full balance of contract as offered by assignees and ordering defendants to deposit deed and abstract was a proper disposition in view of statement of latter's agent that they did not care to consent to the assignment but wanted their money.

Appeal from Genesee; Elliott (Philip), J. Submitted April 11, 1945. (Docket No. 76, Calendar No. 43,011.) Decided May 14, 1945.

Bill by Joseph E. Jankowski and wife and Kenneth B. De Courval and wife against Casimer Jankowski and others to restrain proceedings before a circuit court commissioner. Cross bill by defendants against plaintiffs to have a land contract declared void and forfeited and for rental during period of occupancy. Decree ordering plaintiffs De Courval to deposit balance with third parties

and defendants Jankowski to deposit deed and authorizing the filing of decree in lieu of deed. Defendants Jankowski appeal. Affirmed.

*Howard E. Weaver*, for plaintiffs.

*Lewis Kearns (James M. Pearson*, of counsel), for defendant.

BUTZEL, J. Joseph E. Jankowski and Anna, his wife, purchased on land contract a house and lot in Flint, Michigan, from Casimer Jankowski and Helen, his wife. The contract, dated August 1, 1932, provided for a down payment of $100 and a balance of $2,355.54, payable in monthly instalments of $25 or more, including interest at 6 per cent. per annum, plus taxes and insurance. It contained a covenant on the part of the purchasers not to assign or convey their interest in the contract or any part thereof without first obtaining the written consent of the seller. It further provided that a violation of this covenant should be considered a default, that no assignment or conveyance by the purchaser should create any liability whatsoever against the seller until a duplicate thereof, duly witnessed and acknowledged, together with the residence address of the assignee, be delivered to the seller, and that in the event of an assignment, "such notice to the seller or acceptance of the same by him," or his acceptance of payment made by the assignee shall constitute a change of parties and privity of contract, and a novation between the seller and assignee, and enable the seller to maintain any suit or action for payment, specific performance, deficiency or summary proceedings against the assignee alone.

On October 14, 1942, Joseph and his wife entered into a subcontract to sell the property to Kenneth DeCourval and Anna, his wife, for $3,500, with a

down payment of $500, the balance payable monthly in instalments of $30 or more, including interest. On November 30, 1942, Joseph and wife made an absolute assignment of the original contract to De Courval and wife, upon their surrender of the subcontract. No consent to the subcontract nor to the absolute assignment of the vendees' interest was ever given by Casimer and wife by any instrument signed by themselves in person. On December 11, 1942, they gave notice to Joseph and wife and DeCourval and wife of forefeiture of the contract, stating that the amount of $2,304.66, representing principal and interest as of December 19, 1942, was due, giving three reasons for the forfeiture. They have abandoned two of them and rely solely on the breach of contract caused, as they claim, by the assignment of the vendees' interest. On December 30, 1942, they filed a complaint to recover possession before the Honorable Arthur C. Elliott, circuit court commissioner for Genesee county. Thereupon Joseph and wife and DeCourval and wife brought the present suit in the circuit court for the county of Genesee in chancery and sought an injunction against Casimer and wife and the circuit court commissioner, as defendants, to restrain further proceedings in the action for the recovery of possession. These complainants alleged that DeCourval and wife had made demands for the execution and delivery of a warranty deed and an abstract of the property to a bank in Flint where DeCourvals had arranged for a loan to pay Casimer and wife the $2,304.66 and interest; that the DeCourvals had expended over $500 in improving the premises; that Casimer and wife had stated that they wanted the property as they could sell it for $4,500, and this was preferable to continuing to accept payments on the contract. In addition to an answer setting forth the alleged

forfeiture because of the assignment, Casimer and wife filed a cross bill in which they specifically asked that the contract be declared forfeited. Thus the whole controversy was presented to a court of equity. The trial judge ordered the payment of the full balance of the contract to Casimer and wife, and that they in turn execute and deposit the deed, together with the abstract, with the bank. A decree accordingly was entered, and defendants appeal.

The only questions raised in this court are whether "strangers" to a contract can obtain specific performance thereof (or whether the assignee of a nonassignable contract has the right to specific performance thereof); and whether a mere unsupported offer of conditional payment by an assignee of unproved financial responsibilities entitles him to full and unconditional performance of the contract by the vendor. In the notice of forfeiture of the land contract, both Joseph and wife and DeCourval and wife were notified of the forfeiture and a demand for the payment of the amount due Casimer and wife. They also had been notified that Casimer's wife had turned the contract over for collection to the Pinconning State Bank as collateral for a loan; and that the bank had taken up the question of assignment with Casimer and wife, who stated that "they do not care to give their consent to same. They would prefer to have the money." Again on December 5, 1942, the bank wrote to Joseph stating that Casimer would not recognize an assignment of the contract and that if Joseph sold it, Casimer wanted his money in full. On November 23, 1942, the cashier of the Pinconning State Bank wrote, not to Joseph but to DeCourval, stating that Casimer and wife did not care to give their consent to an assignment of the contract, and that they "would prefer to have the money." The attorneys

for defendants stipulated in writing that Mr. Fotheringham, the cashier of the bank, was the duly authorized agent of Casimer and Anna. It was after Mr. Fotheringham had written to DeCourval stating that Casimer wanted his money in full that the offer was made to pay the amount in full when the deed and abstract were furnished.

Assuming that the two clauses in the land contract hereinbefore referred to were not inconsistent, nevertheless the judge came to the correct conclusion. We have held that a provision forbidding assignment of contract is an absolute valid restriction where the contract remains executory, for the reason that the seller has a right to see that the property is kept in the hands of a responsible person who will properly care for it and make the payments until the contract is fully executed. See *Sloman* v. *Cutler*, 258 Mich. 372.

However, in the instant case, the entire balance due was offered to the vendors. In their cross bill they asked the aid of a court of equity. The equity court made a proper disposition of the case giving vendors everything to which they were entitled, and they have no reason to complain.

Decree for plaintiffs affirmed, with costs.

Starr, C. J., and North, Wiest, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.