PORRITT *v.* STONE.

1. EQUITY—CONSTRUCTION OF ABSOLUTE CONVEYANCE AS SECURITY FOR DEBT.

　　A court of equity has the right, under proper circumstances, to construe an instrument in the form of an absolute conveyance as security for the payment of a debt.

2. MORTGAGES—CONSTRUCTION OF ABSOLUTE CONVEYANCE AS SECURITY—BURDEN OF PROOF—EVIDENCE.

　　The burden of proving that an instrument in the form of an absolute conveyance is security for the payment of a debt rests upon those claiming it to be a mortgage and they must establish their claim by clear and satisfactory proof.

3. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—FINDINGS OF FACT—CREDIBILITY.

　　A suit to declare an absolute assignment of the vendee's interest under a land contract to be security for the payment of a debt is an equity case that is heard by the Supreme Court *de novo* on the record and findings of fact therein by the trial court are given due consideration, since he was in a better position to pass upon the credibility of witnesses.

4. VENDOR AND PURCHASER—ASSIGNMENT OF VENDEES' INTEREST—OPTION TO PURCHASE—EVIDENCE—CONSTRUCTION AS SECURITY FOR REPAYMENT OF DEBT.

　　The absolute assignment of the vendees' interest in a land contract to defendants and the simultaneous execution by the latter of an option to purchase which necessitated the acquisition of the outstanding vendor's interest is not construed as having been merely security for the repayment of a debt, especially in view of the testimony of the scrivener-attorney who appears to have been disinterested and the finding for defendants by the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 162.
[2] 36 Am Jur, Mortgages § 133.
[3] 3 Am Jur, Appeal and Error § 815.
[4] 36 Am Jur Mortgages § 147 *et seq.*

Appeal from Wayne; Sweet (Lucien F.), J., presiding. Submitted June 18, 1954. (Docket No. 39, Calendar No. 45,607.) Decided October 4, 1954.

Bill by Alfred C. Porritt and Dorothy B. Porritt against Roy R. Stone and Esther N. Stone, with David Hay, Jr., and Betty Hay, later added, to have land contract assignment determined as an equitable mortgage. Case discontinued as to defendants Hay. Bill dismissed. Plaintiffs appeal. Affirmed.

*John L. Crandell,* for plaintiffs.

*Hill, Ogilvie & Grenn,* for defendants.

CARR, J. Plaintiffs brought this suit in equity in the circuit court of Wayne county asking for injunctive relief and for a decree declaring an assignment of the vendees' interest under a land contract an equitable mortgage intended as security for the repayment of a loan. Certain material facts involved are not in dispute. Under date of August 30, 1945, plaintiffs entered into a land contract with Mae M. Willis for the purchase of certain real estate in the village of Northville, Wayne county. In their bill of complaint in the instant case plaintiffs alleged that the total consideration to be paid for the property was $6,000, and that the unpaid portion of the purchase price was required to be paid in monthly instalments of $50 each. Pursuant to the terms of the contract plaintiffs went into possession.

Shortly prior to October 7, 1948, plaintiffs desired to raise money for use in their business. Some negotiations were had with defendant Roy R. Stone. On the date mentioned the parties went to an attorney who, pursuant to the instructions given him, prepared an assignment to defendants Stone of the vendees' interest under the contract, absolute in

form, and an option in terms granting to plaintiffs the right to purchase the property from defendants Stone, on land contract, at any time within 1 year from and after October 7, 1948. Said option provided that it should be exercised only by acceptance in writing within the time specified and an initial payment of $600 in cash or by certified check. Further provisions were inserted with reference to the terms and conditions of the land contract to be executed between the parties in the event that the plaintiffs elected to exercise the right given to them by the option. The papers, as prepared by the attorney, were duly executed by the parties. Thereupon defendant Roy Stone drew a check, payable to the order of Depositors State Bank, in the sum of $2,-000, which was delivered to the president of said bank for the benefit of plaintiffs, and the further sum of $127.91 was advanced by defendants Stone for the payment of costs incidental to the transaction and to cover back taxes and interest.

Plaintiffs remained in possession of the property, paying to defendants Stone each month the sum of $75. The parties are not in accord as to the purpose of such payments. It is the claim of the plaintiffs that they were made to apply on indebtedness owing by them to defendants Stone and that the money advanced to them was not consideration for the assignment of their interest under the land contract with Mrs. Willis, but was, in fact, a loan for the repayment of which the assignment was intended to operate as security. Defendants Stone assert that the monthly payments were for the rental of the premises. It may be noted in this connection that a receipt was given for each such payment. Several such receipts referred to the particular payments involved as "rent." In no instance was reference made to an indebtedness.

Plaintiffs did not during the year following October 7, 1948, give to defendants Stone any express notice, either written or oral, of an intention to exercise their rights under the option. Following the expiration of such period defendants Stone, apparently considering that they were the absolute owners of the property, to which they had in the meantime acquired title by purchase from Mrs. Willis, and that plaintiffs had no rights therein other than as tenants, negotiated with third parties for its sale. Plaintiffs claim that they learned of such actions and that they ceased making the monthly payments, insisting in effect that they were entitled to treat the assignment of their interest as an equitable mortgage and that the rights of the respective parties in the property should be adjusted on that basis. It further appears that following the transaction of October 7, 1948, defendants Stone paid the taxes and insurance on the property, and that they made certain improvements in order to facilitate the renting of a portion of the property not occupied by plaintiffs.

The parties being unable to agree as to their respective rights, defendants Stone served on plaintiffs a notice to quit for nonpayment of rent. Thereupon the instant suit was started, the original bill of complaint being filed on July 18, 1950. Subsequently a supplemental bill was filed and on motion David Hay, Jr., and Betty Hay were added as parties defendant, it being claimed that they were asserting rights in the property as purchasers from defendants Stone. However, the case was subsequently dismissed as to such added defendants, it appearing that any interest that they may have purchased had been reconveyed by them to defendants Stone. The latter are hereinafter referred to as the defendants.

On the trial of the cause in circuit court the primary question at issue was whether the transaction between the parties of October 7, 1948, resulted in an absolute assignment of plaintiffs' interest under their land contract, for which defendants paid the sum of $2,127.91. Plaintiffs contended that in fact they had merely procured a loan from defendants, that the assignment was given by way of security, and that the monthly payments in the sum of $75 each were, as before suggested, payments on the indebtedness. Defendants insisted, in accordance with the averments of their answer, that they had purchased plaintiffs' interest in the property as contract vendees, and that the option was given in order to enable plaintiffs to reacquire rights in accordance therewith, if they so desired and were able to do so, within the period of 1 year as provided by the instrument. After listening to the proofs the trial judge rendered an opinion holding that plaintiffs had not established their claim as to the nature of the transaction by the requisite degree of proof, that the assignment was not given for purposes of security but was in fact an absolute conveyance, that plaintiffs were tenants of defendants following the transaction, and that under the facts as established by the proofs they were not entitled to the relief sought or to any equitable relief. A decree was entered accordingly dismissing the bill of complaint. Plaintiffs have appealed.

Under proper circumstances a court of equity undoubtedly has the right to construe an instrument in the form of an absolute conveyance as security for the payment of a debt. Such rule has been repeatedly recognized by this Court. *Alber* v. *Bradley,* 321 Mich 255, and prior decisions there cited. It has likewise been repeatedly recognized that in a case of this nature the burden rests on the parties asserting rights on the theory of a mortgage to es-

tablish their claim by clear and satisfactory proof. *Rehn* v. *Booth,* 299 Mich 311. In the instant case the trial judge had the advantage of observing the witnesses before him as they gave their testimony. Undoubtedly he was in a better position than is this Court to pass on their credibility. This being an equity case it is heard *de novo* on the record, but, in passing on the factual issues involved, we may properly give due consideration to the findings of the trial court. Our examination of the record brings us to the conclusion that, had we been in the place of the trial judge, we would not have reached a different result.

The attorney who prepared the papers in accordance with the directions of the parties testified as follows as to the nature of the conversation taking place at the time:

"I asked them if they knew what they were signing, and they said they did. Then I went on to explain that they were assigning their purchase equity in the Willis land contract to Mr. Stone, absolutely, and that Mr. Stone was giving them back an option to purchase within a year—explained the legal effect of the instruments. They did not have anything, particularly, to say. They admitted they understood it and were willing and ready to sign, and they signed."

The witness further testified that at the time he had in his possession a memorandum, referred to in the record as exhibit A. On the witness stand plaintiff Alfred C. Porritt admitted that this memorandum was in his handwriting, and that it was prepared by him in connection with his conversations with defendant Roy R. Stone. Said memorandum reads as follows:

"$6,000 cash. Balance $2,127.91. Rent of property to be $75 per month plus A.D.C. Porritt paying

insurance and taxes. Can sublet small home in back of lot and upstairs apartment. At end of 12 months, Porritt has option to buy property back at $6,000 with a minimum payment of 10% required."

Mr. Porritt further testified that he did not understand that he was paying rent, and professed inability to explain why he wrote the memorandum as he did. Obviously it is inconsistent with the claims of the plaintiffs on the trial in circuit court and on this appeal. It fully justifies the conclusion that there was discussion concerning the rental of the property by plaintiffs and the taking of an option from defendants for the purchase of the property. The testimony of Mr. Porritt as to what occurred at the time the papers were executed in the office of the attorney indicates uncertainty on his part as to exactly what took place, and is contradicted by the testimony of the attorney, who was, apparently, a disinterested witness on the trial, as to what was said and done. It is significant also that defendants paid the taxes and insurance on the property following the 7th of October, 1948, that they made improvements apparently with the acquiescence of plaintiffs, and that the receipts given for the monthly payments indicated that they were for rent owing by plaintiffs to defendants. It does not appear that plaintiffs at any time objected to the form of the receipts, none of which indicated in any way that the payment was made on a debt owing to defendants. It is not open to question that the attorney who prepared the papers understood from the statements made to him, and from the memorandum that Mr. Porritt had prepared, that the intention of the parties at the time was that an absolute assignment of plaintiffs' interest under their contract with Mrs. Willis should be made to defendants, and that plaintiffs were to be given an option to pur-

chase the property, on the terms specified, at any time within a year.

Plaintiffs did not seek to avail themselves of their option rights as they clearly might have done. It is a fair inference from the proofs in the record before us that during the life of the option defendants recognized the rights thereby contemplated and had in mind that they might be required to execute a land contract to plaintiffs on the receipt of written notice within the year and the making of the required payment. The general rule applicable to a case of this nature was stated in *Tilden* v. *Streeter,* 45 Mich 533, 540, as follows:

"The great current of authority is distinct in holding that the party thus seeking to modify the operation of the instrument and prove himself entitled against the terms of his own deed to an equity of redemption is not only bound to make out that the transaction was in truth and justice nothing more than the giving of security, but is required to do so by a force of evidence sufficient to command the unhesitating assent of every reasonable mind. Unless the testimony, say the supreme court of the United States, is entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties. *Howland* v. *Blake,* 97 US 624 (24 L ed 1027). And many cases use much stronger language."

In the instant case the assignment was not only absolute in form but it was accompanied by a written agreement granting to plaintiffs an option to purchase the property from defendants on certain specified terms if they desired to do so at any time during the ensuing year. The wording of such option agreement placed on defendants the obligation of acquiring legal title to the property in the event that plaintiffs elected to exercise their rights. Obviously the giving of such option can be construed in

no other way than as indicating that plaintiffs had parted with their vendees' interest under their contract with Mrs. Willis. The conclusion is fully justified that the plaintiffs understood what they were doing, that they were satisfied at the time to have the transaction handled in the manner provided in the papers prepared by the attorney, and that an equitable mortgage did not result.

The decree of the trial court is affirmed. Defendants may have costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.