VANDE VOOREN v. McCALL.

1. VENDOR AND PURCHASER—ASSIGNMENT OF VENDEE'S INTEREST IN
LAND CONTRACT—CONSENT OF VENDOR.

The validity of the assignment of the vendee's interest in a
land contract requiring the approval of the vendor for such
assignment may only be questioned by the vendor, not the
assignor who failed to obtain the vendor's consent as to his
reassignment of the land contract to the original vendee whose
previous assignment to assignor had been consented to by
the vendor.

2. EQUITY—CROSS BILL—DISPOSITION OF ENTIRE CONTROVERSY—
JURISDICTION—PARTIES—SUBJECT MATTER.

A chancery court may grant relief prayed for in a cross bill,
where the necessary parties and subject matter are before the
court to enable it to do so, and such action will dispose of the
entire controversy between the parties pertaining to the one
subject matter involved and transactions between the parties
relating thereto.

3. VENDOR AND PURCHASER—ASSIGNMENT OF LAND CONTRACT—AC-
COUNTING—RENTS.

Defendant and cross plaintiff, who had been the vendee under
4 land contracts, which were assigned to plaintiff with the
consent of the vendors, upon which the amount of indebtedness
was increased by additional loan from vendors to plaintiff,
and which contracts were reassigned to defendant without
consent of the vendors, as security for plaintiff's purchase
price notes to defendant, *held*, entitled to determination of

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Vendor and Purchaser § 434.
Validity and effect, as between assignor and assignee or claimants
under them, of assignment by purchaser under land contract, as
affected by contract restricting or prohibiting assignment.    148
ALR 1361.
[2] 19 Am Jur, Equity § 329.
[3] 55 Am Jur, Vendor and Purchaser § 422 *et seq.*

plaintiff's indebtedness to defendant, payment thereof within a reasonable time, transfer of title to vendee's interests to defendant upon default of payment, and allowance of an accounting for, and payment of, all rentals collected by plaintiff since institution of suit.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 6, 1960. (Docket No. 13, Calendar No. 47,978.) Decided June 7, 1960.

Bill by David Vande Vooren against Fannie McCall to establish vendee's interest in land contract by reason of certain assignments. Cross bill for similar relief. Decree for plaintiff. Defendant appeals. Reversed and remanded.

*Irving H. Smith,* for plaintiff.

*Alphonse Lewis, Jr.,* and *Floyd H. Skinner,* for defendant.

DETHMERS, C. J. Plaintiff's bill sought a decree confirming in him the sole vendee's interest, under 4 land contracts, in 4 pieces of real estate, free from any interests of defendant, and enjoining defendant from interfering with plaintiff's possession and enjoyment thereof. Defendant's cross bill prayed for decree confirming title thereto in her and terminating any interests therein of plaintiff, restraining plaintiff from collecting any rents from the property or interfering with her management thereof and requiring him to account to her for rents collected therefrom. From decree for plaintiff as prayed, defendant appeals.

The trial court found, on adequate record support, the following: Defendant had possession of 4 pieces of real estate, with respect to which she held the vendee's interests under land contracts in which a

Mr. and Mrs. Weber were the vendors. Webers furnished plaintiff with money which he delivered to defendant together with promissory notes in her favor signed by him. She, in turn, executed assignments of her vendee's interests by instruments naming him assignee. Copies of the assignments were attached to both the vendor's and vendee's copies of the land contracts. There was then indorsed on the land contracts notations increasing the sums to be paid thereon in an amount equalling the total of the mentioned sums furnished by Webers to plaintiff and delivered by him to defendant, and defendant signed, on the contracts, an undertaking to assume the vendee's obligations thereunder. The assignments by defendant to plaintiff were approved by Webers. The land contracts contained an express provision requiring approval by vendor of any assignment of the vendee's interests. Defendant claims, and plaintiff's pleadings and testimony, despite some equivocation on his part with respect thereto, tend to corroborate, and we find, there being no express trial court finding to the contrary, that plaintiff at that time also gave defendant reassignments of the vendee's interests in the land contracts as security for payment of the notes which defendant claims, correctly we believe, plaintiff gave her, in addition to said cash, as payment for her assignments of the vendee's interests to him. We place no credence in plaintiff's claim that he gave the notes, without consideration, solely to pacify defendant or out of a desire to be kind to her.

Plaintiff admits that he has not paid the notes as therein provided. Accordingly, he is in default thereon and on the pledge agreements. Defendant insists that, in consequence, the reassignments given her as security for such payment have become operative and that the vendee's interests now belong to her.

Plaintiff insists, as the trial court agreed, that the transactions here involved amounted to a sale by defendant of her vendee's interests to Webers, their resale of the properties, on land contracts, to plaintiff, and his assignment of his vendee's interests therein to defendant, without Webers' consent thereto. On the ground of Webers' nonapproval, plaintiff contends his assignments to defendant were void, and that, therefore, defendant may not, in these proceedings, assert any claim or interest in or to the premises.

None of the cases cited by plaintiff, such as *Sloman* v. *Cutler,* 258 Mich 372, and *Jankowski* v. *Jankowski,* 311 Mich 340, support his position that assignment of the vendee's interest without approval of the vendor, in violation of the terms of the contract, renders the assignment void as between the vendee-assignor and his assignee. It is only the vendor who can raise that issue. See *Cutler* v. *Lovinger,* 212 Mich 272, *Hull* v. *Hostettler,* 224 Mich 365, *Sloman* v. *Cutler, supra.* In this case the vendors have not done so. At all events, we view the series of transactions as consisting of defendant's assignment of her vendee's interests to plaintiff with Webers' consent, and his reassignment thereof, as security for payment of the purchase price notes, to defendant, whom Webers had accepted in the first instance as vendee under the contracts. Of this the Webers could scarcely complain, if they would. Certainly plaintiff cannot be heard to do so.

The necessary parties and subject matter are before the court to enable it to grant the relief prayed in the cross bill. It is competent for a court, in chancery, to dispose of the entire controversy between them pertaining to the one subject matter involved and transactions between them relating thereto. For reasoning and reasons, see *Barnard* v. *Huff,* 252 Mich 258 (77 ALR 259). The trial court

should have found the amount of plaintiff's indebtedness thereon to defendant, required his payment thereof to her within a reasonable time, to be determined by the court, and provided by decree that, upon his default thereof, title to the vendee's interests in said properties and land contracts should become absolute in defendant as against any claims or interests of plaintiff. She should also have been allowed an accounting and payment to her of all rentals collected by him since institution of this suit.

Reversed and remanded for further proceedings consistent herewith. Costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.