## McCLUSKEY v. WINISKY.

1. VENDOR AND PURCHASER—ASSIGNMENT OF VENDEE INTEREST—CONSENT OF VENDOR.

The failure of the parties to an assignment of a part of the vendee's interest in a land contract to secure the written consent of the vendor, as required by the contract, does not void the assignment as between the parties to it, nor does the absence of approval by the vendor entitle either party to the assignment to repudiate it.

2. SAME—ASSIGNMENT OF VENDEE INTEREST—EQUITABLE MORTGAGE—SALE.

Evidence, presented on appeal to circuit court from judgment in summary proceedings to foreclose land contract, held, insufficient to establish connection between debt claimed to be owed by assignors to assignee of a part of the vendee interest and the assignment so as to establish that the assignment was an equitable mortgage rather than an outright sale of the vendee interest.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  55 Am Jur, Vendor and Purchaser § 420 et seq.
[2]  55 Am Jur, Vendor and Purchaser §§ 423, 453.
[3]  55 Am Jur, Vendor and Purchaser § 423.
[4]  20 Am Jur, Evidence § 147.
[5, 6]  55 Am Jur, Vendor and Purchaser § 421.
[7]  19 Am Jur, Equity § 469 et seq.
[8]  55 Am Jur, Vendor and Purchaser § 423.

3. Same—Assignment of Vendee Interest—Possession.

Claim of possession, asserted by defendants who had assigned their portion of vendee interest in land contract to parties who claim such interest as owners thereof rather than as holders of an equitable mortgage, *held*, not established under evidence presented.

4. Contracts—Inadequate Consideration—Burden of Proof.

A party who asserts inadequacy of consideration for a contract has the burden of proving the same.

5. Vendor and Purchaser—Assignment—Adequacy of Consideration—Evidence.

Recitals in assignment of a part of the vendee interest in land contract together with assumption and agreement to pay the balance owing thereon constituted a consideration for the assignment, and where there was no proof of inadequacy, the question of inadequacy was never presented to the court for determination.

6. Same—Assignment of Vendee Interest—Adequacy of Consideration—Evidence.

Finding of trial court that assignors of part of vendee interest in land contract had failed to meet their burden of proof that consideration for the assignment was inadequate *held*, not improper, in view of the evidence presented.

7. Equity—Clean Hands.

One seeking equitable relief must do so with clean hands.

8. Vendor and Purchaser—Assignment—Equitable Mortgage—Evidence.

Assignors of part of vendee interest in a land contract were not entitled to assert that such assignment was an equitable mortgage, where they had previously testified under oath that by the assignment they had parted with all interest in the land.

Appeal from Livingston; Carland (Michael), J. Submitted May 5, 1964. (Calendar No. 48, Docket No. 50,471.) Decided July 8, 1964.

Summary proceedings by Francis L. McCluskey against Alex Winisky, Hilda T. Winisky, Robert A. Wheeler and Jeannette E. Wheeler for foreclosure of land contract and recovery of possession of prop-

erty, with judgment for plaintiff. Following appeal by all defendants, defendants Wheeler moved to dismiss circuit court appeal and defendants Winisky objected claiming an assignment made by them was for security and asking it to be declared an equitable mortgage. Order entered dismissing circuit court appeal with prejudice to rights of defendants Winisky, who appeal. Affirmed.

*John N. O'Brien,* for defendants Winisky.

*John P. Keusch (Wilber M. Brucker, Jr.,* of counsel), for defendants Wheeler.

Adams, J. This is an appeal from a holding by the trial judge that the burden rests upon one who asserts an equitable mortgage to establish his claim by clear and satisfactory proof and his finding that the appellants "failed to assume this burden by anything approaching the dignity of evidence, or by proofs worthy of belief." *Porritt* v. *Stone,* 340 Mich 645, 649; 17 Michigan Civil Jurisprudence, p 333.

Winiskys assigned their interest in a land contract to one Wykoff by an assignment regular on its face, reciting $1 and other valuable consideration. Wykoff assumed and agreed to pay the $70,000 balance owing on the contract.

In proceedings before a circuit court commissioner to foreclose the contract, Winisky was asked if he had sold all of his right and interest in the contract to Wykoff. He stated under oath that he had done so. Mrs. Winisky likewise so testified.

The land contract provided for the conveyance of 600 feet of shore frontage upon the payment of $10,000 by the contract vendees, Winiskys and Wheelers. This sum had been paid but no conveyance of the 600 feet had been made by McCluskey,

the seller. Winiskys sought conveyance under this accrued obligation, they in turn having obligated themselves to convey part of the frontage to a third party. Winiskys appealed to circuit court from the circuit court commissioner's judgment for the seller. While the matter was on appeal, Wheelers obtained an assignment from Wykoff of the interest Wykoff had acquired from Winiskys, thereby apparently merging the entire vendee interest in Wheelers. Wheelers moved to dismiss the appeal. At this stage in the proceedings the Winiskys for the first time asserted that their assignment to Wykoff was an equitable mortgage given to secure a debt of $4,594.52.

From the adverse decision of the trial judge the Winiskys appeal, claiming that the assignment to Wykoff was not absolute on its face because it referred to the land contract and, therefore, the 2 writings must be construed together. The land contract contained a provision that it should not be assigned without the written consent of the seller, and that any violation by the purchaser of this condition should be considered a default of 1 of the conditions of the contract. Appellants claim that this constitutes such a contradiction between the writings that it is necessary they be construed by further available evidence. Failure of the parties to an assignment to secure the written consent of the vendor does not void the assignment as between them. The absence of the seller's consent does not permit either party to repudiate the assignment. *Vande Vooren* v. *McCall,* 360 Mich 199, and cases therein cited.

In any event, the trial court did permit such proof as the Winiskys were able to produce in support of their assertion of an equitable mortgage. First, they claim that their action 16 days before they executed the assignment is strong circumstantial evidence that the assignment was security for a debt. At that

time they attempted to pay the debt by borrowing from a bank on a note which the bank refused to accept. Mr. Wykoff stated that the assignment was an outright sale for a separate consideration. Mr. Wykoff's attorney, who drew the assignment, stated that the Winiskys signed the instrument in his presence and that there was no discussion about a lien, equitable mortgage or other form of security. The fact that Wykoff's attorney drew the assignment is insignificant since Winiskys were both experienced in business and had engaged in a number of land transactions. Because of the sworn statement of the Winiskys that they had sold their interest in the contract, and because another action is pending against them for their debt to Wykoff, the connection between the debt and the assignment is not established.

Appellants next claim that possession creates a presumption that a right is retained in land. In the record of the proceedings before the circuit court commissioner, as well as in the testimony before the circuit judge, there is nothing to show continued possession by the Winiskys. Quite the contrary, when Mr. Winisky was asked, "Are you in possession of it?", he answered:

"I suppose. I wouldn't even know how to answer that. I mean it's there. I don't go there. I haven't been there."

It is claimed the Winiskys' act of contesting the foreclosure proceedings before the circuit court commissioner is evidence of their asserted interest in the property. However, the reason they did so contest may well have been their obligation to the third party to whom they had undertaken to convey a part of the shore frontage. The circuit court commissioner's proceedings reveal the following:

"*Q.* Is there anything on that 600 feet that you are obligated to anyone else for?

"*A.* Yes.

"*Q.* What?

"*A.* A home."

It must be concluded that the claim of possession by the Winiskys was not proven.

Next, appellants claim that the consideration for the assignment is evidence it was a mortgage because inadequacy of consideration may be a guiding determination. Appellants point to the fact that Wykoff will receive $14,000 for his assignment to Wheelers, and assert it is the obligation of Wykoff to prove by clear and convincing evidence that he paid an adequate sum for his assignment from the Winiskys. This is incorrect. The Winiskys, having asserted inadequacy of consideration, had the burden of proving the same. *Tilden* v. *Streeter,* 45 Mich 533, 540; *Porritt* v. *Stone, supra.* This they failed to do. Wykoff stated in court that the assignment was an outright sale for a separate consideration. He said he was unable without his books and records to state the amount he had paid. After adjournment of 1 week Wykoff again appeared and testified, on redirect examination, that the assignment "was a sale and previously paid for." Counsel for Winiskys failed to cross-examine Wykoff to determine the specific amount of the consideration and the form it took. The recitals in the assignment and the assumption of payment of the $70,000 balance were certainly a consideration for the assignment. There being no proof of inadequacy, the question was never presented to the court.

From a review of the evidence in this case we conclude, as the trial court did, that Winiskys failed to meet the burden of proof required of them. Had the proofs been far more convincing than they are,

there would still be a serious question as to whether the Winiskys should be entitled to relief in view of their sworn testimony before the circuit court commissioner that they had parted with all interest in the land. Not only did they both so testify, but Alex Winisky at a subsequent date gave an affidavit wherein he stated:

"Deponent states that his answer to the above question was intended to be 'Yes, I sold my entire interest in the McCluskey contract to Mr. Wykoff and all of my interest was assigned to him.' I had not received a deed to this property, particularly the 600 feet which I referred to, and I therefore could not convey my interest to Mr. Wykoff by deed and I therefore felt that I should qualify my answer when I testified on November 15, 1962."

One seeking equitable relief must do so with clean hands. If the assignment by the Winiskys was only an equitable mortgage, then their sworn testimony before the circuit court commissioner and Alex Winisky's affidavit were false. If they did assign their interest, then their assertion before the circuit judge of an equitable mortgage was false. The proofs must be convincing indeed before a court will grant relief to those who weave for themselves a tangled web by such attempts to deceive.

The decision of the trial court is affirmed, with costs to the appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.