LEMON *v.* NICOLAI

1. VENDOR AND PURCHASER—LAND CONTRACTS—RESTRAINTS ON AL-
IENATION—FORFEITURES—CONSTRUCTION.
   Restraints on alienation of property are strongly disfavored;
   where restraints on alienation are allowed, they are strictly
   construed to prevent a forfeiture.

2. VENDOR AND PURCHASER — LAND CONTRACT — NON-ASSIGNMENT
CLAUSE — FORFEITURE — VENDOR'S DUTY.
   A provision of a land contract making the purchaser's assignment
   of the contract without the vendor's consent a breach of con-
   tract and entitling the vendor to recover possession constituted
   an unreasonable restraint on alienation where the purchaser
   assigned the contract without the vendor's consent, the as-
   signees indicated their ability to continue to provide the bene-
   fits under the contract, monthly payments, and the vendor has
   made no allegations as to the possibilities of waste or impair-
   ment or loss of security because of the assignment.

3. VENDOR AND PURCHASER—LAND CONTRACTS—FORFEITURE PROVI-
SION—NON-ASSIGNMENT CLAUSE—VENDOR'S BURDEN OF PROOF—
IMPAIRMENT OR LOSS OF SECURITY.
   The vendor of a land contract, which has been assigned contrary
   to the contract provision that the vendor's consent is necessary
   for assignment and that any other assignment constitutes a
   forfeiture, must show that the assignment has caused or will
   cause waste, or impairment or loss of his security; without
   this showing a judgment for forfeiture is unenforceable as
   an unreasonable restraint on the alienation of property.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Perpetuities and Restraints on Alienation § 74.
[2, 3] 55 Am Jur, Vendor and Purchaser § 435.
   Validity and effect, as between assignor and assignee or claimants
   under them, of assignment by purchaser under land contract, or
   by tenant under lease, as affected by provisions of contract or
   lease restricting or prohibiting assignment.  148 ALR 1361.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 March 31, 1971, at Detroit. (Docket No. 10131.)   Decided May 20, 1971.

Complaint by Garland H. Lemon and Virginia R. Lemon against Alfred F. Nicolai and Virginia L. Nicolai for forfeiture of a land contract. Assignees of the land contract, James Patrick Conley and Alice E. Conley, joined as third-party defendants. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*E. Reed Fletcher,* for plaintiffs.

*Moon, McGivney & Parker,* for defendants.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

FITZGERALD, J.   This is an appeal as of right by defendants Nicolai and Conley from a judgment entered in the Livingston County Circuit Court on August 11, 1970, and amended on August 27, 1970. Said judgment forfeited the rights of the defendants in a land contract with plaintiffs. The judgment also awarded possession of the land in question to plaintiffs, subject to an equity of redemption in defendants to be exercised within 90 days of the judgment.

On May 2, 1967, plaintiffs sold the land in question to defendants Nicolai on a land contract for $14,500. The Nicolais paid $1,500 down and agreed to pay $80 or more each month, with 6% interest per year being levied against the unpaid balance. The contract provided in part that any assignment of the contract without the written consent of the vendors (plaintiffs) would amount to a breach

of the contract. After such a breach, vendors could bring suit to accelerate payments, recover possession of the property, and enforce their rights in law or equity.

After having made 15 timely payments of $80 each, thereby reducing the unpaid balance to $12,-766.95, the Nicolais, on August 10, 1968, assigned the contract to defendants Conley without seeking plaintiffs' written consent.

Rather than accept payments from the Conleys, plaintiffs gave notice of their intention to hold the Nicolais in breach of contract and seek a forfeiture. An action was commenced on December 17, 1968, to that end. At trial, the Conleys testified as to their willingness and ability to assume all obligations under the contract. They could not, however, pay the *entire* unpaid balance held to be due. Plaintiffs showed no interest in discovering facts concerning the relative security of their interests under the contract with the Conleys as assignees as opposed to the Nicolais. It appears that plaintiffs simply want their land back.

Defendants claim that the provision prohibiting the assignment of the land contract without plaintiffs' consent, coupled with plaintiffs' refusal to consider whether any change in their risk under the contract has occurred, operates in this instance as an unreasonable restraint on the alienation of property. Therefore, defendants seek reversal of the circuit court judgment that the Nicolais' assignment to the Conleys operated as a forfeiture of their rights under the contract. Defendants further ask that the plaintiffs be held, at a minimum, to the reasonable duty of considering whether or not the assignment has had any adverse effect on their rights under the contract.

This case is similar to *Pellerito* v. *Weber* (1970), 22 Mich App 242, wherein this Court stated its position on restraints on alienation of property:

"Restraints on alienation of property are strongly disfavored in Michigan. *Mandlebaum* v. *McDonell* (1874), 29 Mich 78, 107; Fratcher, Restraints on Alienation of Equitable Interests in Michigan Property, 51 Mich L Rev 509 (1953). Where they are permitted, they are strictly construed to prevent a forfeiture. *Ortmann* v. *First National Bank of Monroe* (1882), 49 Mich 56; *Hodges* v. *Buell* (1903), 134 Mich 162; *Hull* v. *Hostettler* (1923), 224 Mich 365. *Here plaintiffs have not made any allegations of waste or impairment or loss of security.* They continue to enjoy the benefit of their 1953 contract. See *Jankowski* v. *Jankowski* (1945), 311 Mich 340". (22 Mich App at 245.)   (Emphasis supplied.)

In the instant action, as in *Pellerito, supra,* plaintiffs make no allegations as to the possibilities of waste or impairment of loss of security. Assignees have indicated that they are in a position to continue to provide the benefit under the 1967 contract which plaintiffs bargained for, *i.e.,* $80 or more per month.

Accordingly, we reverse the decision of the lower court and remand for a determination as to whether or not the contested assignment has resulted in "waste or impairment or loss of security" to plaintiffs, as required by *Pellerito, supra.* If it has not so resulted, then the action of these plaintiffs has amounted to an unreasonable restraint on the alienation of this property, and is not enforceable in the circuit court.

This Court takes a dim view of a forfeiture on these facts. The judicial dislike for a restraint on the alienation of property in Michigan dictates that a vendor should be reasonable in his actions and at

least inquire into the status of their security before seeking such a harsh remedy.

On remand this action shall be treated as one brought to foreclose on a land contract, since the complaint in circuit court must be so characterized pursuant to MCLA § 600.3101 *et seq.* (Stat Ann 1962 Rev § 27A.3101 *et seq.*).

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to abide outcome.

All concurred.